UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN W. SHORT,
    Plaintiff,

vs.                            Case No.: 3:24cv508/MW/ZCB

BRIAN E. FREEMAN,
    Defendant.

                                                /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Walton County Jail, commenced this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1).

On October 17, 2024, the Court ordered Plaintiff to file an amended complaint using the Court-approved form within thirty days. (Doc. 4 at 3-4). The Court directed the Clerk of Court to send Plaintiff the complaint form and notified Plaintiff that his failure to comply with an order of the Court would result in a recommendation of dismissal of this case. (*Id.* at 3-4).

On November 5, 2024, the Court granted Plaintiff's motion to proceed *in forma pauperis*, assessed an initial partial filing fee (IPFF) in the amount of $5.48 under 28 U.S.C. § 1915(b)(1), and directed Plaintiff

to pay the IPFF within thirty days.  (Doc. 13).  The Court also instructed

Plaintiff that his "[f]ailure to pay the initial partial filing fee as instructed

may result in dismissal of this action." (*Id*. at 3).

Plaintiff did not file an amended complaint by the relevant

deadline.  Therefore, on November 26, 2024, the Court ordered Plaintiff

to show cause, within fourteen days, why this case should not be

dismissed for his failure to comply with the Court's order to file an

amended complaint.  (Doc. 15).  The Court notified Plaintiff that his

failure to show cause would result in a recommendation of dismissal of

this case.  (*Id*.).

Additionally, Plaintiff did not pay the IPFF within the time

allowed.  Therefore, on December 12, 2024, the Court ordered Plaintiff to

show cause, within fourteen days, why the case should not be dismissed

for his failure to comply with the Court's order to pay the IPFF of $5.48.

(Doc. 17).  The Court advised Plaintiff that his failure to show cause

would result in a recommendation of dismissal of this case.  (*Id*.).

The deadlines to respond to both show cause orders have passed,

and Plaintiff has not responded to either show cause order, filed an

amended complaint, or paid the IPFF.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with orders of the Court.  *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal when "a party fails to comply with an applicable rule or court order"); *see also Duong Thanh Ho v. Costello*, 757 F. App'x 912, 914-15 (11th Cir. 2018) (affirming dismissal where *pro se* plaintiff failed to file an amended complaint as directed); *Frith v. Curry*, 812 F. App'x 933, 935 (11th Cir. 2020) (affirming dismissal where the plaintiff failed to pay the initial partial filing fee and failed to respond to a magistrate judge's order to show cause as to why the filing fee had not been paid).

At Pensacola, Florida, this 6th day of January 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.